FILED

13 MAY 24 AM 10: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN EVENCHIK, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS RENT A CAR SYSTEM, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. 12-cv-00061 BEN (DHB)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[ECF No. 32] |

Plaintiff Lynn Evenchik moves for leave to amend her putative class action complaint. She seeks to add an additional plaintiff as a safeguard against a standing challenge. Defendant Avis Rent A Car System LLC ("Avis") opposes. For the reasons stated below, the motion is **DENIED**.

//
//
//

## BACKGROUND

The crux of Plaintiff's complaint is that Avis violated state laws by discriminating between customers on the basis of sexual orientation. Her claims arise from Avis offering discounted rates to two groups: the International Gay and Lesbian Travel Association and the National Gay and Lesbian Chamber of Commerce. Plaintiff, who is not a member of or associated with either of those organizations, alleges that she was charged a higher rate when she rented a vehicle from Avis.

Plaintiff filed the Complaint on January 9, 2012. On January 9, 2013, she moved for leave to add a second plaintiff. Avis opposed the motion and simultaneously moved for summary judgment. Plaintiff filed a reply in support of the proposed amendment. Plaintiff has not yet responded to the summary judgment motion.[1]

## LEGAL STANDARD

Once a responsive pleading is filed, plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is to be granted with "extreme liberality"). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation marks and citation omitted). Generally, amendments seeking to add claims are granted more freely than amendments adding parties. *Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

---

[1] The Court has granted three motions to continue the summary judgment hearing. It is scheduled for June 17, 2013. The Court is unlikely to grant further continuances.

## DISCUSSION

Plaintiff seeks leave to add a second plaintiff solely as a safeguard against a standing challenge. Defendant argues in its motion for summary judgment that Plaintiff lacks Article III standing because she has suffered no injury as a result of her Avis rental. Specifically, Defendant argues that Plaintiff actually paid a lower rate than a person using a NGLCC or IGLTA discount code. Plaintiff has not yet filed a brief in opposition to summary judgment.

In requesting leave to amend, Plaintiff disputes that she lacks standing but candidly admits, "If Avis is successful with this defense against Plaintiff, it may disqualify her has a class representative." Accordingly, she seeks to add an additional putative class representative. No other reason for the proposed amendment is asserted. Notice of Motion at 2 ("This Motion is necessary due to Defendant Avis Rent A Car System, LLC's ("Avis") asserted defense that Plaintiff lacks standing to bring this action and is not a typical class representative because it contends that she has not suffered an injury as a result of its violation of the Unruh Act.").

The Court is mindful of the liberality of Rule 15(a), yet it does not extend to cases where Plaintiff's only reason for seeking amendment is to cure a standing defect. If Plaintiff Evenchik is without standing, then amendment would not be allowed, as a plaintiff "may not create jurisdiction by amendment when none exists." *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999) *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001) (citations and internal quotations omitted); *see also Almeida v. Google*, Inc., No. C-08-02088 RMW, 2009 WL 3809808 at *2 (N.D. Cal. Nov. 13, 2009) ("[W]here the original named plaintiff lacks standing, a new plaintiff with standing cannot step in to save the lawsuit from dismissal."); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *29-30 (N.D. Cal. June 10, 2010) (a party with no standing to maintain an action has no standing to amend). Plaintiff contends that the amendment should be

1 | allowed because she has not admitted that she lacks standing and no court has
2 | determined that she lacks standing.  If the amendment were for another purpose, the
3 | Court might agree.  Here, though, Plaintiff's only reason for seeking amendment is
4 | to rectify a potential standing defect.  If Plaintiff has standing, as Plaintiff
5 | maintains, her justification disappears.  If she does not, then no amendment is
6 | permissible because a plaintiff may not retroactively create jurisdiction.  Under the
7 | circumstances, the Court is not persuaded that amendment would be proper.
8 | Plaintiff's motion is denied.

**IT IS SO ORDERED**

DATED: May 23 2013

HON. ROGER T. BENITEZ
United States District Court Judge